### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**JAMES MOORE**                                                            **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:24-cv-00636-JHM**

**ROBERT SCHAAD et al.**                                                **DEFENDANTS**


### MEMORANDUM OPINION

Plaintiff James Moore, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the following reasons, this action will be dismissed.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff identifies himself as a convicted inmate housed at the "Louisville Metro Jail."  He sues Robert Schaad, his criminal defense attorney; Jan Brightwell, a Jefferson County prosecutor, and Judith McDonald-Burkman, a Jefferson County Judge.  All Defendants are sued in their individual and official capacities.

Plaintiff states that the above-named Defendants violated his Fifth, Sixth, Eighth, and Fourteenth Amendment constitutional rights in connection with his criminal conviction and sentence from July 29, 2021, to May 1, 2024.

First, Plaintiff alleges that Schaad rendered ineffective assistance of counsel by "allow[ing] the courts to give me 2 years felony sentence for [misdemeanor] charges."  He states, "I served out 2 one year sentence & 2 of those years was for 2 [misdemeanors]."

Next, Plaintiff alleges that Brightwell, a prosecutor for the Commonwealth, "collaborated with Robert Schaad" to violate his constitutional rights by "threatening me with prison &

sanctioning me twice by incar[c]erating me for (2) 90 day stints; and 2 years . . . incarcerated serve out for 2 misdemeanors. (I serve out in D.O.C.)"

Finally, Plaintiff alleges that Burkman, the presiding judge over his criminal case, sentenced him to "2 indeterminate terms in prison for (misdemeanors) which were determinate sentences[.]" Plaintiff states that he received an "additional prison term," deliberately imposed by Brightwell, and was "treated differently because I am a convicted felon under the Equal Protection Law" and was "sent to prison for [misdemeanors]." He references, "Indictment Nos. 19CR00239 & 19CR003067[;] both were misdemeanors."

As relief, Plaintiff seeks compensatory and punitive damages and to "vacate the sentence & conviction."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th

Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Schaad

Plaintiff sues Schaad, his criminal defense attorney.  It is well-settled that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").  Thus, Plaintiff's claim against

Schaad arising out of his role as Plaintiff's criminal defense attorney must be dismissed for failure to state a claim upon which relief may be granted.

## B. Defendant Brightwell

Plaintiff states that Brightwell was the prosecuting attorney in his criminal proceeding. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, n.55 (1978)). As a prosecutor on behalf of the Commonwealth, Brightwell is a state employee or official. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's official-capacity claim for monetary damages against Brightwell must be dismissed for failure to state a claim upon which relief may be granted.

As to Plaintiff's individual-capacity claim against Brightwell, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury); *see also Ramsey v. Rivard,* 694 F. Supp. 3d 955, 977-79 (E.D. Mich. 2023) (malicious prosecution claim

4

against prosecutor barred by prosecutorial immunity). Plaintiff's claim against Brightwell is therefore barred by prosecutorial immunity, and the individual-capacity claim against her must be dismissed for failure to state a claim upon which relief may be granted.

### C. Defendant Burkman

Plaintiff's official-capacity claim against Burkman, as the presiding judge in his state criminal proceeding, must also fail. As explained above, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 71. Thus, because Plaintiff seeks money damages from a state official in her official capacity, he fails to state a cognizable claim under § 1983. Therefore, Plaintiff's official-capacity claim for monetary damages against Burkman must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's individual-capacity claim against Burkman also fails to state a claim upon which relief may be granted. This is because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "'a judicial officer, in exercising the authority vested in [her], [should] be free to act upon [her] own convictions, without apprehension of personal consequences to [herself].'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Because Plaintiff's complaint pertains only to actions taken by Judge Burkman in her judicial capacity and within her jurisdictional authority, the individual-capacity claim against her is barred by judicial immunity and must be dismissed for failure to state a claim upon which relief may be granted.

### D. Challenge to Conviction

Plaintiff alleges that, due to the aforementioned acts by Defendants, his conviction was unlawful, and he requests that his conviction and sentence be vacated.[1]  However, Plaintiff cannot challenge his conviction in this action.  In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a state prisoner could not state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted).  This principle holds true whether the plaintiff seeks damages or equitable relief.  *Wilkerson v. Dotson*, 544 U.S. 74, 81-82 (2005).  Plaintiff does not allege that his conviction was reversed on appeal or otherwise invalidated.  Accordingly, Plaintiff's allegations challenging the validity of his conviction fail to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:    March 6, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:    Plaintiff, *pro se*
4414.015

---

[1] To the extent Plaintiff's complaint can be read as seeking release from incarceration, such relief is unavailable in a § 1983 action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

6